# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE, v. JAMES GEDDINGS.

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR4089     Allen W. Wallace, Judge**

---

**No. M1999-00333-CCA-R3-CD - Decided April 20, 2000**

---

Following a guilty plea to theft over $1000.00 the defendant, James Geddings, was sentenced to four years incarceration by The Circuit Court, Dickson County, Allen W. Wallace, J, and the defendant appealed. The Court of Criminal Appeals, Smith J., held that (1) the trial court's failure to state which enhancement and mitigating factors applied to the defendant entitled the defendant to a de novo review of his sentence; (2) the enhancement and mitigating circumstances mandated a three-year sentence; and (3) alternative sentencing was inappropriate.
Affirmed as modified.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court of Dickson Court is Affirmed as Modified.**

SMITH, J., delivered the opinion of the court, in which WELLES, J., and LAFFERTY, SR.J. joined.

Charles N. Griffith, Waverly, Tennessee, for the appellant, James Geddings.

Paul G. Summers, Attorney General and Reporter, and David H. Findley, Assistant Attorney General for appellee, State of Tennessee.

### OPINION

In June, 1998, the defendant, a salesman at Dickson Mobile Homes, was fired because his employer discovered that the defendant had falsified his tax returns to obtain a loan. Following the defendant's termination, his employer discovered that the defendant had stolen $3,400.00 in deposit checks before being fired. The defendant's employer contacted the District Attorney, who investigated the theft and subsequently indicted the defendant for theft in excess of $1000.00.

The defendant made restitution to his employer following the indictment.[1] He pled guilty to the crime charged, and the trial court conducted a sentencing hearing following the guilty plea. At the sentencing hearing, the defendant testified that he stole the money in order to help his daughter pay for her upcoming wedding. He also claimed that he only viewed the theft as a loan and that he had intended to pay the loan back from future commissions. Finally, the defendant stated that he had undergone counseling to help him correct his behavior and that he took full responsibility for his actions. On cross-examination, the defendant admitted that he served a two-year probationary sentence for wire-fraud following an illegal home sale in South Carolina and that he had lost his license to sell mobile homes in South Carolina as a result of the illegal sale. He stated that he did not consider the illegal home sale to be "that big a deal" when he did it. He also admitted that he had completed a pre-trial diversion program following a theft from a mobile home dealer in Jackson, Tennessee, with whom the defendant had previously been employed, but he stated that he stole the money in that case because the dealer owed it to him.

Following the sentencing hearing, the trial court sentenced the defendant as a Range I, standard offender to four (4) years, the maximum sentence within the range for a Class D felony.


## SENTENCING

On appeal, the defendant challenges the trial court's imposition of a four-year sentence. When an appellant challenges the length, range, or manner of service of a sentence, this court conducts a de novo review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d). However, the presumption of correctness only applies when the record demonstrates that the trial court properly considered the relevant sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this case, the trial judge did not mention enhancement and mitigating factors before imposing the four-year sentence.[2] See State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). Given the state of this record, we are compelled to find that the trial court's sentencing decision is not entitled to the presumption that it is correct. Our review will therefore be de novo upon the record. State v. Grissom, 956 S.W.2d 514, 518 (Tenn. Crim. App. 1997).


## Length of Sentence

In the absence of enhancement and mitigating factors, the presumptive length of sentence for a Class B, C, D, and E felony is the minimum sentence in the statutory range. Tenn. Code Ann. §

---

[1] It is unclear when the defendant actually made restitution. The cashier's check used to make restitution, introduced into evidence at the sentencing hearing, is dated June 19, five days before the indictment. However, the testimony at the sentencing hearing concerning when the defendant actually paid indicated the payment was made post indictment. In any event, the testimony is clear that the defendant made restitution only after speaking with an investigator from the District Attorney's Office.

[2] The trial judge did, however, express his opinion that the defendant was a "con man" and wondered aloud whether the defendant worked for an insurance company with which the judge was dissatisfied because it employed "con men."

40-35-210(c). Appellant was convicted of theft of property in excess of $1,000.00, a Class D felony. Id., § 39-14-105(3). As a Range I standard offender, he is eligible for a sentence of between two and four years. Id., § 40-35-112(a)(3).

There is no evidence in the record that the court considered any enhancement factors, nor is there evidence that the state ever presented any enhancement factors to the court.[3] Nevertheless, after a thorough review of the record, we find (1) that because the state presented evidence that the defendant had been convicted twice in the past, once for wire fraud stemming from an illegal home sale and another time for stealing money from a previous employer; the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, see Tenn. Code Ann. § 40-35-114 (1), and (2) that the defendant abused a position of private trust in facilitating the commission of the offense. Id. § 40-35-114 (15); see State v. Grissom, 956 S.W.2d 514, 518 n. 5 (Tenn. Crim. App. 1997)(holding that this factor is appropriately applied to a defendant who embezzles from his or her employer).

There is no evidence that the court ever considered any statutory mitigating circumstances. However, we find that the defendant's conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1). We reject the defendant's assertion that section 40-35-113(7), that the defendant was motivated by a desire to provide necessities for the defendant's family or the defendant, should apply in this case. Although the defendant testified that he stole the money in order to help his daughter pay for her wedding, that is hardly a "necessity" within the meaning of the statute.

Where, as here, both enhancement and mitigating factors apply, the trial court must start at the minimum sentence in the range, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). In this case, the two applicable enhancement factors warrant the enhancement of the defendant's sentence from the minimum two years to four years. However, in our opinion the mitigating factor is entitled to sufficient weight to reduce the sentence to three years. In conclusion, three years, in the opinion of this Court, is the proper length for the defendant's sentence.

### Manner of Service

Regarding the manner of service, the Tennessee Criminal Sentencing Reform Act of 1989 recognizes the limited capacity of state prisons and mandates that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts of rehabilitation shall be given first priority regarding sentencing involving incarceration." Tenn. Code Ann. § 40-35-102(5). A defendant who does not qualify as such and who is an especially mitigated or standard offender of a Class C, D, or E felony

---

[3] The presentence report suggested that the following enhancement factors should apply: that the defendant has a previous history of criminal convictions in addition to those necessary to establish the appropriate range, see Tenn. Code Ann. § 40-35-114 (1); that the offense involved more than one victim, see id. § 40-35-114 (3); and that the defendant abused a position of public or private trust, or used a special skill in a manner that significantly facilitated the commission or the fulfillment of the offense. See id. § 40-35-114 (15).

is "presumed to be a favorable candidate for sentencing options in the absence of evidence to the contrary." Id. § 40-35-102(6); Ashby, 823 S.W.2d at 169. However, this presumption may be rebutted by evidence to the contrary. Such evidence may include the following sentencing considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1). A court may also apply the mitigating and enhancement factors set forth in Tenn. Code Ann. § 40-35-113 and -114, as they are relevant to the § 40-35-103 considerations. Id. § 40-35-210(b)(5). Finally, the potential or lack of potential for rehabilitation of the defendant should be considered in determining whether he should be granted an alternative sentence. Id. § 40-35-103(5).

In this case, even if the defendant were entitled to the presumption that alternative sentencing would be appropriate, the presumption was properly rebutted because measures less restrictive than confinement have both frequently and recently been applied unsuccessfully to the defendant.[4] The defendant admitted on cross-examination that he had served two years on probation for wire-fraud in South Carolina and that he had completed a pre-trial diversion program in Jackson, Tennessee for stealing a check from a previous employer. The appellant stated that at the time of the offense he thought the crime in South Carolina was "no big deal", and that the offense in Jackson was justified because his employer owed him money. He also considered his theft in this case to be a "loan". This thinking coupled with a failure of past efforts at rehabilitation indicate the defendant does not fully appreciate the gravity of his acts. Therefore, this Court is of the opinion that the defendant's failure to accept responsibility for his crimes, past and present, demonstrate his lack of potential for rehabilitation. Tenn. Code Ann. § 40-35-103(5). Thus, a sentence of incarceration is appropriate in this case.

Accordingly, the judgment of the trial court is affirmed as modified.

---

[4]We need not address whether, given the appellant's criminal history, he is entitled to the presumption in favor of an alternative sentence since it is clear incarceration is appropriate in this case whether or not the presumption applies.